UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH LEE MONTGOMERY | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 3:19-CV-792-CHB |
| v. | ) ) | |
| HARDIN CTY. DET. CTR. *et al.*, | ) ) | **MEMORANDUM OPINION** |
| Defendants. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Joseph Lee Montgomery leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Hardin County Detention Center (HCDC). He brings this action against the HCDC and against HCDC Jailer Josh Lindblom in his official-capacity only.

Plaintiff alleges that on October 25, 2019, he and another inmate got into a fight. He then states:

> Now the jail only houses us in two cells in the whole jail and if we can't go back to our pod we have to live in the hole. This means we lose all privillages to everything and we are no longer allowed to watch T.V. or go outside and we are only allowed 1 hour a day to get a shower use the phone and to clean our cell. We are living in a 7'x 14' foot cell with one bunk and 2 men and we both only get 1 hour out for the 2 people we have no room to move around with in the cell block.

Plaintiff alleges that his placement in segregation under these conditions violates the Eighth Amendment.

Plaintiff also states that HCDC has "people living in the gym so there is no REC for most of the winter and rainy days of the year."

Plaintiff also states that he has "told the jail about the grievance not being able to get answered since 9-27-19 and that I would like to get an answer to the resolve the matter. No response."

Finally, Plaintiff alleges that in 2013, HCDC falsely imprisoned him "3 days past my release date."

As relief, Plaintiff seeks damages and to be "shipped out of this jail."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. SEGREGATION

Plaintiff asserts that his confinement in segregation violates his rights under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishment." U.S. Const., amend VIII. Although the Eighth Amendment applies only after a formal adjudication of guilt, *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), "[d]ue process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). In other words,

> [t]he Eighth Amendment provides [a convicted] inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *See Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016).

*Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Thus, the Court of Appeals for the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth

---

[1] At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need).

Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. The Sixth Circuit has held that "[b]ecause placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment violation." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (citation omitted) (confinement in administrative segregation for "three years and running" fails to state an Eighth Amendment claim). Indeed, the Sixth Circuit has stated that the "[t]emporary loss of privileges and confinement in segregation—without any allegations that basic human needs were not met—cannot establish an Eighth Amendment claim." *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. 2017) (no Eighth Amendment claim where prisoner alleged that he was locked in a cell for 23 hours a day and denied use of the telephone and exercise time for 30 days); *Argue v. Hofmeyer*, 80 F. App'x 427, 429-30 (6th Cir. 2003) (confinement in cell for 23 hours a day, Monday through Friday, does not violate the Eighth Amendment); *Figueroa v. Dinitto*, 52 Fed. App'x 522, 523 (1st Cir. 2002) (confinement with another inmate for 23-24 hours a day does not violate Eighth Amendment).

In light of this jurisprudence, the Court concludes that Plaintiff's allegation that he has been placed in segregation with another inmate for several months, with only one hour "out" a day, and has lost his "privileges" must be dismissed for failure to state a claim upon a claim upon which relief may be granted.

## B. LIMITED ACCESS TO RECREATION

The Court next turns to Plaintiff's allegation that inmates at HCDC generally do not have "rec" time in the winter or on rainy days because inmates are being housed in the jail's gymnasium.

The Sixth Circuit has recognized that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees. Inmates require regular exercise to maintain reasonably good physical and psychological health." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983); *see also Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). While the Sixth Circuit has never set a minimum amount of recreation time an inmate must have access to, the court has found extreme limitations on recreation and exercise may rise to the level of a constitutional violation. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086–87 (6th Cir.1995).

Plaintiff alleges that the opportunity to engage in "rec" time at HCDC is limited during certain weather conditions, but he does not allege a near total deprivation of the ability to engage in recreation or exercise. Thus, the Court will dismiss Plaintiff's claim based upon limited access to recreation for failure to state a claim upon which relief may be granted.

## C. GRIEVANCE HANDLING

Plaintiff also alleges that no one at HCDC has responded to a grievance he filed. Prisoners, however, do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x at 430 ("there is no inherent constitutional right to an effective prison grievance

procedure") (citing cases); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### D. 2013 INCIDENT

Finally, the Court turns to Plaintiff's allegation that HCDC "falsely imprisoned" him "3 days past my release date" in 2013. The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. at 215. Thus, to the extent that Plaintiff is asserting a claim under § 1983 for an incident that occurred in 2013, the Court finds that the claim is time-barred and must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

This the 31st day of January, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
A958.011